## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ENTERGY LOUISIANA, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO:       09-7367** |
| **THE WACKENHUT CORPORATION** | **SECTION: "B" (4)** |

### <u>ORDER</u>

Before the Court is **Entergy Louisiana, LLC's Motion and Incorporated Memorandum in Support of Motion to Fix Attorney's Fees (R. Doc. 49)**, filed by the Plaintiff, Entergy Louisiana, LLC ("Entergy"), in compliance with the Court's **Order (R. Doc. 46)**, which granted in part and denied in part Entergy's Motion for Contempt and to Strike the Wackenhut Corporation's Claim for Breach of Contract.  (R. Doc. 46.)  The motion is unopposed.  The motion was heard without oral argument on October 20, 2010.

I.    <u>Background</u>

A.    <u>Factual Summary</u>

Wackenhut provides security services for Entergy at its Waterford III Nuclear Station ("Waterford Station").  (R. Doc. 1, ¶ V.)  On January 11, 2007, a number of Wackenhut employees filed a lawsuit against Wackenhut alleging violations of the Fair Labor Standards Act ("FLSA").  (R. Doc. 1, ¶ XII.)  The employees alleged that Wackenhut failed to pay them for time spent donning equipment and proceeding through the security checkpoint.  (R. Doc. 1, ¶ XV.)  On July 7, 2008, Wackenhut settled the claims of the employees, agreed to pay them back wages, liquidated damages, and attorney's fees.  (R. Doc. 1, ¶ XV.)

Entergy claims that Wackenhut then sent it a letter demanding that Entergy indemnify it for the claims settled between Wackenhut and its employees who worked at Entergy's Waterford Station. (R. Doc. 1, ¶ XVII.) Entergy claims that Wackenhut was not following any Entergy policy when it required its employees to "arm-up" at 5:30 a.m. and refused to pay them for this time. (R. Doc. 1, XXII.) Furthermore, Entergy claims that it had no contractual responsibility to pay Wackenhut employees for this time. (R. Doc. 1, ¶ XXIII.) Therefore, Entergy seeks a declaratory judgment holding it immune from liability for any amounts paid in settlement by Wackenhut to its employees. (R. Doc. 1, ¶ XXV.)

On May 3, 2010, Entergy filed a motion to compel seeking supplemental responses to its discovery requests, which sought itemized invoices reflecting the overtime hours sought by Wackenhut. (R. Doc. 12.) On June 21, 2010, the Court entered an Order granting Entergy's motion and ordered Wackenhut to "provide sufficient documentation for all 72 employees, regardless of what it agreed to in the underlying litigation, per the written agreement between it and Entergy." (R. Doc. 29, p. 9.)

After Wackenhut failed to provide itemized invoices, Entergy filed a motion seeking a finding of contempt against Wackenhut. Entergy also sought to have the Court strike Wackenhut's claim for breach of contract. On September 27, 2010, the undersigned granted Wackenhut's motion for contempt, but declined to strike Wackenhut's Claim for Breach of Contract. Instead, the Court imposed sanctions against Wackenhut in the form of attorney's fees and costs associated with the filing of the motion for contempt and the related motion to compel. Entergy now seeks an award of $1,500.00 in attorney's fees and costs.

2

II.     **<u>Standard of Review</u>**

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees.[1]  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Id*.  The lodestar is presumed to yield a reasonable fee.  *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995).  After determining the lodestar, the court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)[2].  The court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications.  *See Watkins v. Fordice*, 7 F.3d 453 (5th Cir. 1993).  However, the lodestar should be modified only in exceptional cases.  *Id.*

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections.  *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

---

[1]Although in cases sitting in diversity jurisdiction, as is the case in the instant matter, state law governs the substantive questions of the award and reasonableness of attorney's fees, *see Alyeska Pipeline Servs. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n. 31 (1975);  *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002), the instant motion relates to an award of sanctions, in the form of attorney's fees, pursuant to Federal Rule of Civil Procedure 37.  Therefore, the Court will analyze the proposed award of attorney's fees pursuant to the Federal standard.

[2] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-19.

III.   **Analysis**

A.   **Failure to Provide Billing Records**

Entergy seeks to recover attorney's fees for work rendered by their Assistant General Counsel, Cory R. Cahn ("Cahn"). Entergy contends that as Assistant General Counsel, Cahn is not required to maintain billing records associated with his work. Therefore, they seek a waiver of the requirement that they submit contemporaneous time records that support an award of attorney's fees, because they contend that the fact that Cahn is not obligated to maintain billing records constitutes "good cause". (R. Doc. 49, p. 1.)

Under Local Rule 54.2,

> [i]n all cases where attorney's fees are sought, the party desiring to be awarded such fees shall submit to the court a contemporaneous time report reflecting the date, time involved, and nature of the services performed. The report shall be in both narrative and statistical form and provide hours spent and justification thereof.
>
> Any judge of the court may, for good cause shown, relieve counsel of the obligation of filing such a report with the court.

L.R. 54.2.

In the Eastern District, there is an absence of case law which indicates what constitutes "good cause." However, in most cases in which attorney's fees have been granted, despite the movant's failure to properly comply with Local Rule 54.2, the Court's have focused on the movant's "substantial compliance" with the Rule. For example, in *Alacantara v. Keaty*, 94-1215, 2004 WL 1713878, at ** 3-4 (E.D. La. July 29, 2004)(Knowles, J.) the Court found that a "pared down descriptive list submitted by plaintiff's counsel, which not technically compliant with the aforesaid rule, substantially comports with the spirit and intent of the rule." Further, the Court found that it was "apparent" that counsel only submitted charges in connection with the actual documents

necessarily reviewed or drafted in connection with the motion to reopen, which was the subject of the motion to fix attorneys fees.  *Id.*

Here, Entergy's attorney has provided only an estimation of the hours expended on both the motion to compel and the motion for sanctions.  Entergy seeks recovery for three hours of work associated with the motion to compel and three hours of work associated with the motion for sanctions.  Entergy claims that the three hours, spent on each motion, were spent by counsel drafting and arguing the motions.

The Court notes that Entergy does not claim that any of this time was spent on researching either motion, which is supported by the fact that no law was cited in either submission.  Given the length of the submissions by both parties on both motions, and the time spent in the Court for hearing on both motions, three hours is a reasonable amount of time for counsel to spend on both motions.

Furthermore, the Court is mindful that the instant motion is a result of sanctions imposed on Wackenhut, therefore Cahn did not have notice at the onset of this litigation that it would be necessary to maintain billing records.  As a result, the Court finds that, in light of the fact that in the ordinary course of business, Cahn does not maintain billing records, and the fact that the time estimated by counsel is reasonable in light of the submissions, Cahn has substantially complied with the rule, and therefore, has demonstrated good cause as to his failure to provide documentation in full compliance with Local Rule 54.2.[3]

---

[3]However, to the degree that Entergy believes that an award of attorney's fees may be sought at some future date in regards to this litigation, Entergy must maintain adequate time records.

B.     **Calculating a Reasonable Hourly Rate**

Entergy seeks to recover fees for services rendered by their Assistant General Counsel, Cory R. Cahn ("Cahn"), for his work on both the motion to compel and the motion for contempt at a rate of $250.00 per hour.

Attorney's fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n.11. However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. at 439 n.15.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988); *see also White v. Imperial Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D. La. Jun. 28, 2005) (recognizing that attorneys customarily charge their highest rates only for trial work, and lower rates should be charged for routine work requiring less extraordinary skill and experience).

6

Where "an attorney's customary billing rate is the rate at which the attorney requests the lodestar to be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed.  When that rate is not contested, it is *prima facie* reasonable." *La. Power & Light*, 50 F.3d at 328.

As Cahn is not an attorney who "bills," and no billing record was submitted to the Court, it seems that Entergy suggests that Cahn does not have a billing rate.  However, Entergy seeks $250.00 per hour for Cahn's rendered services.

In support for their request that the Court find $250.00 as a reasonable hourly rate for Cahn, Entergy attached an affidavit for Marcus Brown ("Brown"), the Vice President and Deputy General Counsel in the Litigation Department of Entergy Services, Inc., who is responsible for hiring outside counsel in the New Orleans work area to work on commercial litigation in matters similar to the above captions lawsuit.  According to the affidavit, Brown would expect to pay an attorney in the New Orleans area with similar attributes as Cahn $250.00 per hour to litigate a commercial matter such as the underlying suit.

According to Cahn's affidavit, he graduated *Magna Cum Laude* and was awarded *Order of the Coif* from Tulane University in 1994, where he also served as the Managing Editor of his Law Review.  (R. Doc. 49-2, p. 1.)  He is licensed to practice law before all state and federal courts in both Louisiana and Mississippi.  (R. Doc. 49-2, p. 1.)  He has been actively engaged in the practice of litigation since 1994.  (R. Doc. 49-2, p. 2.)

After considering Cahn's approximate six (6) years of litigation experience and suggested hourly rate of $250.00, the Court finds that the requested rate is above the ranges of the prevailing market rates previously found by this Court and by other courts in this District.  *See Wells v.*

*Regency Hosp Co.*, 2008 WL 5273712 at * 3 (E.D. La. Dec. 15, 2008)(Roby, J.)(finding an hourly rate of $280.00 was excessive for an attorney with approximately 19 years of experience and limiting the rate to $200.00 per hour); *Battiste v. Allstate Ins. Co.,* 2008 WL 2787468 at *2 (E.D. La. Jul. 26, 3008)(Roby, J.)(awarding an hourly rate of $150 to a lawyer with eighteen (18) years of legal experience); *Davis v. American Sec. Ins. Co.,* 2008 WL 12228896 (E.D. La. May 28, 2008)(Roby, J.)(awarding hourly rates of $125.00 for an attorney with (1) year of legal experience and $150.00 for an attorney with twenty-four (24) years of legal experience); *Creecy v. Metropolitan Propr. and Cas. Ins. Co.*, 2008 WL 553178, at * 3 (E.D. La. Feb. 28, 2008)(Roby, J.)(awarding a $175.00 an hour to a lawyer who had practiced law for five (5) years and $200.00 an hour for an attorney with eleven (11) years of experience); *Drs. Le and Mui, Family Med. v. St. Paul Travelers,* 2007 WL 4547491, at *2-3 (E.D. La. Dec. 19, 2007)(Roby, J.)(awarding hourly rates of $175.00 to an attorney with seven (7) years of legal experience and $200.00 for an attorney with eleven (11) years of experience).

The rate of $250.00 per hour proposed by Entergy is not aligned with the legal rates typically charged in a routine discovery dispute in this district.  After reviewing the prevailing market rates for legal services in this area from the case law for work on standard motions to compel, the Court concludes that a rate of $175.00 is appropriate and reasonable for Cahn's work on the motion to compel and the motion for sanctions.

### C.    Determining the Reasonable Hours Expended

Cahn certifies that he spent approximately three (3) hours preparing pleadings, communicating with Wackenhut's counsel and appearing for oral argument in connection with Entergy's motion to compel, and three (3) hours preparing pleadings, communicating with

Wackenhut's counsel and appearing for oral argument in connection with Entergy's motion for sanctions.  (R. Doc. 49-2, p. 2.)  Entergy contends that the total amount of hours spent yields a fee of $1,500.00.  Entergy contends that the hours and time spent on the two motions are reasonable and should be awarded by the Court.  (R. Doc. 49, p. 2.)

Because Cahn does not maintain billing records, the Court is unable to decipher how long Cahn spent on the individual tasks of preparing pleadings, communicating with Wackenhut's counsel, and appearing for oral argument.  Further, the Court cannot determine whether Cahn excersized "billing judgment" because there is no records that Cahn performed any work that was not including in his three (3) hour approximation that typically would not be billed to a client.

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended and proving the exercise of "billing judgment."  *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir.1997); *Walker,* 99 F.3d at 770.  Attorneys must exercise "billing judgment" by excluding time that is unproductive, excessive, duplicative, or inadequately documented when seeking fee awards. *Id.* (*citing Walker v. United States Dep't of Housing & Urban Dev.,* 99 F.3d 761, 769 (5th Cir.1996)).  Specifically, the party seeking the award must show all hours actually expended on the case but not included in the fee request.  *Leroy v. City of Houston*, 831 F.2d 576, 585 (5th Cir. 1987). Hours that are not properly billed to one's client also are not properly billed to one's adversary. *Hensley*, 461 U.S. at 434.  The remedy for failing to exercise billing judgment is to reduce the hours awarded as a percentage and exclude hours that were not reasonably expended.  *Id.*  Alternatively, this Court can conduct a line-by-line analysis of the time report.  *See Green v. Administrators of the Tulane Educational Fund*, 284 F.3d 642 (5th Cir. 2002).

Although the Court has found that three hours on each motion is reasonable (See, Section A, above), the Court is troubled by the fact that Cahn has not estimated how much time he spent on each motion for each specific task involved in the motion.  For example, it is not clear how much time Cahn spent drafting his motions, as compared to arguing his motions.  Cahn's submissions are reminiscent of "block billing" which is prohibited in Federal Court.[4]  Further, Cahn has indicated that the three hours spent on each motion is an "estimation."

As a result, the Court finds that, in accordance with case law on block billing, it is necessary to reduce Cahn's request by fifteen percent (20%), or 1.2 hours.  The Court is of the opinion that such a reduction strikes a balance between the need to carry out sanctions when imposed on a party, and the need for a party seeking attorney's fees, regardless of how they typically keep time, to maintain billing records for any case in which it is anticipated that a request for attorney's fees may be sought.  As a result, the Court finds that Cahn may recover, in the form of sanctions, for 4.8 of the 6 hours in which he claims to have spent on both motions.

C.    **Adjusting the Lodestar**

As indicated above, after the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974).  To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required.  *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998).  The Court

---

[4]Block billing is a method of time keeping in which an attorney lumps together the total daily time spet working on a case, rather than itemizing the time expended on specific tasks. *Harris v. Allstate Ins., Co.* 2009, WL 86673 (E.D. La, Jan. 12, 2009)(Roby, J.)  The method most often used to compensate for block billing is a flat reduction of a specific percentage from the award. *Id.*

has carefully considered the *Johnson* factors and concluded that they do not warrant an upward or downward departure here.  Having considered each of the lodestar factors in this matter, the Court finds that an adjustment upward is not warranted.

## IV.    Conclusion

Accordingly,

**IT IS ORDERED** that **Entergy Louisiana LLC's Motion and Incorporated Memorandum in Support of Motion to Fix Attorney's Fees (R. Doc. 49)** is hereby **GRANTED**. The Court finds that a total fee of **$840.00** is reasonable in the matter here.

**IT IS FURTHER ORDERED** that the Wackenhut Corporation shall satisfy their obligation to Entergy Louisiana no later than **twenty (20) days** from the issuance of this Order.

New Orleans, Louisiana, this 17th day of November 2010

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**