UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ENTERGY LOUISIANA, L.L.C. | CIVIL ACTION |
| VERSUS | NO. 09-7367 |
| WACKENHUT CORPORATION | SECTION "N" (4) |

**ORDER AND REASONS**

Presently before the Court are motions for summary judgment filed by Plaintiff, Entergy Louisiana, L.L.C. ("Entergy") and Defendant, Wackenhut Corporation ("Wackenhut"). *See* Rec. Docs. 44, 58, and 72. The Court has carefully reviewed all of the parties' submissions, the record, and applicable law. For essentially the reasons stated in Entergy's supporting and opposing memoranda, **IT IS ORDERED** that Entergy's motions for summary judgment (Rec. Docs. 44 and 72) are **GRANTED** and Wackenhut's motion (Rec. Doc. 58) is **DENIED**.

Additionally, the Court notes that, here, the parties' contract sets forth the procedure for changing contractual terms. Thus, with respect to Wackenhut's *quantum meruit* claim, this was not a situation where there was "no [contractual] provisions by which payment could be made for unanticipated labor." *See* Wackenhut Opposition Memorandum (Rec. Doc. 57) at pp. 5-6.

Furthermore, Wackenhut cannot show a reasonable expectation of payment from Entergy relative to its *quantum meruit* claim, or a breach of contract by Entergy, where: (1) Wackenhut did not actually pay its employees for any additional services as they were rendered and

never admitted to liability as part of the *Alexander* proceeding; (2) no change order was issued/approved by the parties in accordance with contract provisions; (3) there is no evidence of follow-up by Wackenhut, in accordance with its October 2004 letter, relative to "working with each of you to implement this best practice in as cost effective manner as possible"; and (4) the parties' contract requires Wackenhut to indemnify Entergy for any failure by Wackenhut to comply with applicable laws. *See* January 1, 1998 Re-Stated Agreement (Rec. Doc. 44-4) at ¶¶ 1.5, 4, 6, 7, 8, 9.1 and 9.6. Similarly, there is no showing that Entergy, a non-party, approved and/or consented to bearing any responsibility for any portion of Wackenhut's voluntary settlement of *Alexander* in 2008, and/or Wackenhut's incurrence of defense costs relative to that matter.

Finally, Wackenhut cannot demonstrate that Entergy "accepted" additional services for purposes of Wackenhut's *quantum meruit* claim. Wackenhut's October 2004 letter simply advises of a recent determination of "best practice," and that its implementation "*may* result in a minimal increase in some of your site budgets." *See* October 18, 2004 Letter (Rec. Doc. 58-5) at p. 2 (emphasis added). Significantly, Wackenhut's security employees at the Waterford 3 facility already were paid for the 30 minutes preceding the official start times of their 12-hour shifts. *See* Affidavit of Robert Creel (Rec. Doc. 76-2) at ¶4; Declaration of Ray Cogdell (Rec. Doc. 58-6) at ¶ 11. Additionally, Wackenhut, an independent contractor, was responsible for paying its employees' wages and salaries. *Id.* at ¶¶10.1 and 10.2. Moreover, Entergy was not invoiced for additional time (such that it would have been put on notice of additional amounts being owed for services) until 2009. *See, e.g.,* Declaration of Ray Cogdell (Rec. Doc. 58-6) at ¶¶ 14-15.

In conclusion, for the foregoing reasons, Entergy's motions are granted. Accordingly, Wackenhut's *quantum meruit* and breach of contract claims are dismissed with prejudice.

New Orleans, Louisiana, this 16th day of December 2010.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**